Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000235
28-JUN-2019
10:17 AM

NO. CAAP-16-0000235

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
also known as KAMEHAMEHA SCHOOLS, Plaintiffs-Counterclaim
Defendants/Appellees, v. RONALD G.S. AU,
Defendant-Counterclaimant/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0420)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Defendant-Counterclaimant/Appellant Ronald G.S. Au (Au)
appeals from the February 29, 2016 "Order Granting [Plaintiffs-
Counterclaim Defendants/Appellees' Trustees of the Estate of
Bernice Pauahi Bishop also known as Kamehameha Schools (KS)]
Motion to Declare Ronald G.S. Au a Vexatious Litigant Filed on
December 29, 2015" (Order) entered by the Circuit Court of the
First Circuit (Circuit Court).[1]

On appeal, Au contends the Circuit Court: (1) erred by
interpreting the Hawaii Revised Statutes (HRS) 634J-1 (2016)[2]

---

[1] The Honorable Rhonda A. Nishimura presided.

[2] HRS § 634J-1 provides, in relevant parts:

Unless otherwise clear from the context, as used in this
chapter:

"Defendant" means a person (including a corporation,
association, partnership, firm, or governmental entity)
against whom litigation is brought or maintained, or sought
to be brought or maintained.

(continued...)

definition of "plaintiff" to apply to a defendant/counterclaimant for the purpose of determining which party may be deemed a vexatious litigant; (2) could not deem Au a vexatious litigant

---

[2](...continued)

"In propria persona" means on the person's own behalf acting as plaintiff.

"Litigation" means any civil action or proceeding, commenced, maintained, or pending in any state or federal court of record.

"Plaintiff" means the person who commences, institutes or maintains litigation or causes it to be commenced, instituted, or maintained, including an attorney at law acting on the attorney's own behalf.

. . . .

"Vexatious litigant" means a plaintiff who does any of the following:

(1)   In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five civil actions other than in a small claims court that have been:

  (A)   Finally determined adversely to the plaintiff; or

  (B)   Unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing;

(2)   After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:

  (A)   The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or

  (B)   The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;

(3)   In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay; or

(4)   Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

2

without first finding the underlying motions to have been filed in bad faith, unmeritorious, frivolous, or solely intended to cause delay; (3) abused its discretion by concluding Au's April 22, 2015 Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) motion constituted an impermissible second motion for reconsideration; (4) erred by failing to specify in what respect his seven motions sought to relitigate the merits of the summary judgment granted in KS's favor and by considering motions on appeal in CAAP-15-0000466 to deem Au to be a vexatious litigant; and (5) erred by not making necessary findings of fact (FOF) and conclusions of law (COL) in determining Au to be a vexatious litigant as required by HRCP Rule 52(a).[3]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments made by the parties, we resolve Au's arguments as follows and affirm.

1.   Au contends the Circuit Court erred by interpreting the HRS § 634J-1 definition of "plaintiff" to apply to him as a defendant-counterclaimant for the purpose of determining which party may be deemed a vexatious litigant.

On the motion, the Circuit Court ruled:

> 1.      In looking at Haw. Rev. Stat. Ch. 634J ("Ch. 634J"), the Court agrees that the individual covered by Ch. 634J, meaning the plaintiff, is not necessarily the plaintiff in and of itself but, as pointed out by counsel for KS, the definition is more expansive, defining plaintiff as a person who commences, institutes, or maintains litigation, or causes it to be maintained.

The court's statutory interpretation is reviewed *de novo* based on the following factors:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.

---

[3]      Au enumerates four Points of Error, but the argument section contains five headings and arguments in a different order. The headings will be treated as Points of Error, the headings have been restyled for clarity.

State v. Dunbar, 139 Hawai'i 9, 13, 383 P.3d 112, 116 (App. 2016) (citations and block formatting omitted). The language of HRS § 634J-1 provides, "'Plaintiff' means the person who commences, institutes or maintains litigation or causes it to be commenced, instituted, or maintained, including an attorney at law acting on the attorney's own behalf." Au urges reading the word plaintiff as it is commonly understood, in accordance with the general rule. HRS § 1-14 (2009) ("The words of a law are generally to be understood in their most known and usual signification.").[4] However, "[t]he legislature has a broad power to define terms for a particular legislative purpose, and the courts, as a general rule of construction, are bound to follow legislative definitions of terms rather than commonly accepted dictionary, judicial or scientific definitions." State v. Kantner, 53 Haw. 327, 329, 493 P.2d 306, 308 (1972); see also Walling v. Portland Terminal Co., 330 U.S. 148 (1947) (statutory definition of "employees" contained in Fair Labor Standards Act held binding on the court).

Here, the Legislature, by providing a unique definition for the word "plaintiff," has manifested a clear intent to give meaning to the word which is different from the dictionary definition. Thus, we must give effect to the intent of the Legislature obtained from the language of the statute.

For the purposes of HRS § 634J-1, Au is a plaintiff because he is "the person who . . . maintains litigation or causes it to be . . . maintained[.]" HRS § 634J-1 (emphasis added). Webster's provides two definitions that support this reading; maintain means "to sustain against opposition or danger" or "to continue or persevere in[.]" *Maintain*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003). HRS § 634J-1 provides "'Litigation' means any civil action or proceeding, commenced, maintained, or pending in any state or federal court of record." It is undisputed that Au filed his counterclaims as well as

_____

[4] Merriam-Webster's Collegiate Dictionary (Webster's) defines plaintiff as "a person who brings a legal action[.]" *Plaintiff*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003).

4

numerous motions, and that several of these filings prolonged the proceedings after the granting of summary judgment.[5,6]

Au further appears to argue that, because some of his counterclaims were compulsory, the Circuit Court could not consider the Motion for Reconsideration to constitute a basis for deeming him a vexatious litigant. Au cites no authority supporting this argument. In any event, the issue is not whether the counterclaims were compulsory, but whether a counterclaimant meets the definition of plaintiff for the purposes of a vexatious litigant provided by HRS § 634J-1 as determined by his conduct of litigation.

Therefore, Au's first argument is without merit.

2, 3, and 4. Au argues that the Circuit Court erred in its determination that he was a vexatious litigant.

The standard of review for a vexatious litigant determination is abuse of discretion. Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003). "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." State v. Plichta, 116 Hawai'i 200, 214, 172 P.3d 512, 526 (2007) (citations and internal quotation marks omitted). We have previously said, "HRS § 634J-1 sets forth three separate definitions for 'vexatious litigant[,]' and a plaintiff is a vexatious litigant if he or she meets any of the three definitions." Grindling v. Maui Police Dept., 127 Hawai'i 241, 277 P.3d 335, CAAP-11-0000004, 2012 WL 1834686, at *1 (App. May 21, 2012) (SDO) (footnote omitted).

---

[5] We note that HRS § 634J-1's definition of defendant is similarly broad and encompasses litigation that is "maintained, or sought to be brought or maintained."

We also note that, at least for the purposes of his counterclaims, Au is a plaintiff as he commenced or instituted those claims. HRS § 634J-1.

[6] Nor does Au's reliance on Standard Mgmt., Inc. v. Kekona, 98 Hawai'i 95, 43 P.3d 232 (App. 2001) (SMI) convince us otherwise. There, the issue was whether an attorney acting on behalf of clients could be considered a vexatious litigant. Moreover, there is nothing in the legislative history quoted there that redefined the statutory definition of "plaintiff." To the extent that the SMI court determined that a vexatious litigant cannot be a defendant, that determination was dicta. Further SMI did not address the question whether a counterclaimant could be deemed a vexatious litigant.

Here, the court concluded Au met two of the definitions of a vexatious litigant, either under HRS § 634J-1(2) (relitigation of claims finally resolved) or, in the alterative, subsection (3) (filing bad faith, unmeritorious filings, unnecessary discovery or frivolous tactics). See n.2 supra.

Supporting its determination, the Circuit Court identified the fact that summary judgment was granted against Au on September 18, 2013, as representing a final determination, (the Summary Judgment Order) the court denied his formal motion for reconsideration on April 30, 2014, and thereafter, Au filed "approximately seven motions" under different titles asking the court to relitigate the Summary Judgment Order. These motions were not identified in the Order, however KS identified Au's seven motions in its motion to declare Au a vexatious litigant and at the hearing on its motion, identifying each of Au's motions by their filing dates.[7]

After conducting an independent review of these motions, we agree with the Circuit Court that the motions essentially "relitigate the merits of the issues that the Court already disposed of by granting the Summary Judgment Motion." "[M]otions for reconsideration or for relief from judgment under [HRCP] Rule 60(b)(2006) are not 'device[s] to relitigate old matters or to raise arguments or evidence that could and should

---

[7] KS identified the following motions: (1) September 25, 2013 Motion for Reconsideration of Summary Judgment, denied April 30, 2014; (2) April 22, 2015 HRCP Rule 60(b) Motion to Vacate or Set Aside Interlocutory Order Granting Motion for Summary Judgment, denied June 2, 2015; (3) May 21, 2015 Rule 59(e) Motion for Reconsideration of the May 13, 2015 oral order denying Au's April 22, 2015 Motion to Vacate or Set Aside Summary Judgment Order, denied June 16, 2015; (4) May 29, 2015 Motion for Reconsideration of Order Granting Summary Judgment on Au's First Amended Counterclaim, denied August 19, 2015; (5) June 29, 2015 Motion to Vacate Entry of Final Judgment, denied August 25, 2015; (6) August 25, 2015 HRCP Rule 60(b) Motion for Correction, Modification, or Relief From Judgment, withdrawn September 18, 2015; and (7) Motion to Stay Enforcement of Final Judgment Pending Determination of Supersedeas Bond, denied February 29, 2016. (Motion titles have been shortened).

Although the Circuit Court specified that the seven motions sought to relitigate the Summary Judgment Order, i.e., summary judgment entered on KS's complaint, the motions identified by KS involved attempts to relitigate judgments entered on both its complaint and Au's counterclaims. As these motions repeatedly asserted what we will refer to as the "Overcharge Argument" infra, they support the Circuit Court's conclusion that Au repeatedly sought to relitigate matters resolved in the Summary Judgment Order, regardless of the judgment he was challenging.

have been brought during the earlier proceeding.'" Trs. of the Estate of Bishop v. Au, 141 Hawai'i 248, 407 P.3d 1284, CAAP-15-0000466, 2017 WL 6614566, at *3 (App. Dec. 22, 2017) (SDO) (Au I), (quoting Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008)). In his September 25, 2013 motion for reconsideration, Au argued that the Circuit Court should have considered matters that were on file at the time of KS's motion for summary judgment on their claims. As this court held in Au I, Au's April 22, 2015 HRCP Rule 60(b) motion presented an argument based on information--the county's property tax refund--that Au knew or should have known about at the time of the summary judgment motions (the Overcharge Argument). Au I, at *3. In his May 21, 2015 motion for reconsideration, Au again asserted the Overcharge Argument, that there was a "gross error" in the computation of the summary judgment's damage award. The May 29, 2015 motion for reconsideration of the summary judgment granted on his counterclaim again makes the Overcharge Argument and adds Au's claim that KS unilaterally imposed financial qualifications on his assignee and repeats arguments in opposition to the summary judgment. In his June 29, 2015 motion to vacate the June 12, 2015 Judgment, he argues the judgment was premature because a motion to reconsider had not been decided but also makes the Overcharge Argument. Au's August 25, 2015 HRCP Rule 60(b) motion alleged that the June 12, 2015 Judgment was not in fact the final judgment and was a mistake, depriving him of his right to appeal.[8] Finally, more than six months after the June 12, 2015 Final Judgment was entered, Au filed a motion to stay enforcement of the same, and again making the Overcharge Argument.

Thus, Au meets the HRS § 634J-1(2) definition of a vexatious litigant because he continued to relitigate or attempt to relitigate issues of law or fact finally determined against him. See Taylor v. Kahala Hotel Inv'rs, 142 Hawai'i 209, 416 P.3d 930, CAAP-17-0000512, 2018 WL 1870545, at *1 (App. Apr. 19, 2018) (SDO) (affirming finding that Taylor was a vexatious

---

[8]     This despite the fact that Au did file an appeal from the June 12, 2015 Final Judgment, resulting in CAAP-15-0000466 (Au I).

litigant for, *inter alia*, repeatedly filing motions to relitigate matters already adjudicated). Therefore, we cannot say the trial court exceeded the bounds of reason or disregarded rules or principles of law or practice in making this determination. Thus, the Circuit Court did not abuse its discretion in finding Au to be a vexatious litigant.

In point of error (2), Au asserts that under HRS § 634J-1(3), the Circuit Court could not deem him a vexatious litigant without first finding the underlying motions to have been filed in bad faith, unmeritorious, frivolous, or solely intended to cause delay.[9]

Hawaiʻi appellate courts have defined "bad faith" as "actual or constructive fraud or a neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Bank of Hawaii v. Kunimoto, 91 Hawaiʻi 372, 390, 984 P.2d 1198, 1216 (1999) (citation and internal quotation marks omitted). However, the words "bad faith" need not be explicitly stated in the sanctioning order. Id. This court addressed this issue in In re Marn Family Litig., 129 Hawaiʻi 105, 294 P.3d 1091, No. 29448, 2013 WL 514255, at *2 (App. Feb. 12, 2013) (SDO). There, we found the record supported finding Marn acted in bad faith by making repeated filings attempting to circumvent a 10-page limit. Id.

Here, as demonstrated above, Au filed numerous and duplicative motions essentially challenging the original summary judgment order. Therefore, the Circuit Court could infer bad faith from Au's insistence on refiling the same issues in differently titled motions absent a specific finding of bad faith.

Because there is a sufficient basis in the record to find Au a vexatious litigant under HRS § 634J-1(2), we need not address Au's specific argument with regard to HRS § 634J-1(3) that there was no finding the motions were "unmeritorious,

---

[9] As an initial matter, we note Au's argument tracks the language of HRS § 634J-1(3). The court's finding that Au was a vexatious litigant was primarily based on HRS § 634J-1(2) with subsection (3) as an alternative.

frivolous, or solely intended to cause delay". Thus, Au's claim is without merit.

In point of error (3), Au argues the Circuit Court abused its discretion by concluding Au's April 22, 2015 HRCP Rule 60(b) motion constituted an impermissible second motion for reconsideration. We note that Au spends the entirety of the body of this point of error relitigating the merits of the Overcharge Argument, which this court recently found without merit. Au I, 2017 WL 6614566, at *3. However, taking what we can of the argument from the point of error itself, it appears Au is arguing the designation of the April 22, 2015 motion as a Rule 60(b) was somehow taken into account in the determination that Au is a vexatious litigant. This argument does not comport with the facts. The Circuit Court's order specifies, "[n]otwithstanding the different titles of these motions, the motions in essence ask the Court to reconsider, to correct, to modify, or to adjust the Summary Judgment Order and to in essence relitigate the merits of the issues that the Court already disposed of by granting the Summary Judgment Motion" (emphasis added). Here, irrespective of the depiction of the nature of the motion by the court, the court made the finding Au was a vexatious litigant based on the content of the motions. We agree with the Circuit Court's depiction of these motions. Thus, Au's argument is without merit.

In point of error (4), Au argues the Circuit Court erred by not specifying all seven motions in its Order, thereby forcing Au and this court to speculate as to the basis for concluding Au is a vexatious litigant. Moreover, Au argues that, because these motions were on appeal in CAAP-15-0000466, our determination of whether those motions were meritorious or justified was relevant to the Circuit Court's vexatious litigant determination. While the Circuit Court did not specify the seven motions in its Order, the record is clear what the basis of its Order was because the hearing transcript and KS's motion makes clear which seven motions the court relied on in deeming Au a vexatious litigant.

Au also argues the court placed an undue burden on him on appeal by failing to detail where in Au's motions the court

found attempts to relitigate matters already decided. In our review of the motions identified in the transcript of the hearing, we find an adequate basis in the record to support the court's determination Au is a vexatious litigant for his repeated assertion of the Overcharge Argument. Therefore, Au's argument is without merit.

Au also appears to argue that we must determine the merits of the motions underlying the Circuit Court's ruling to determine whether it was correct in concluding that Au was a vexatious litigant, or that the Circuit Court could not deem Au a vexatious litigant on the basis of motions that had been appealed. Recently, this court concluded the underlying motions were unmeritorious.[10] See Au I, 2017 WL 6614566. However, even absent that holding, the trial court's decision would enjoy a presumption of correctness and regularity. Pink v. Castro, 130 Hawai'i 303, 309 P.3d 971, No. 30376, 2013 WL 3863106, at *1 (App. Jul. 26, 2013) (SDO) (quoting Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516, 518 (1967)). The court was therefore entitled to rely on its prior rulings. Thus, Au's argument is without merit.

5. Au contends the Circuit Court was required by HRCP Rule 52(a) to make FOFs and COLs to support the Order. To make this argument, Au draws a parallel between HRS ch. 634J penalties and HRS § 607-14.5 (2016), a fee and cost shifting provision. This reliance is inapposite because HRS § 607-14.5(b) requires "the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action." (emphasis added). HRS Chapter 634J has no such parallel requirement. HRCP Rule 52(a) provides, in pertinent part, "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion" except those concerning amendment of a judgment or judgment on partial findings. HRCP Rule 52 does not apply, and therefore, it

---

[10] It should be noted, three of the seven motions relied on by the Circuit Court to determine Au to be a vexatious litigant were filed after his Notice of Appeal. Nonetheless, those motions contain substantially the same arguments as those decided in Au I. See 2017 WL 6614566.

was unnecessary for the court to make findings or conclusions of law.  Therefore, Au's claim is without merit.

For the foregoing reasons, the February 29, 2016 "Order Granting Plaintiffs/Counterclaim Defendants' Motion to Declare Ronald G.S. Au a Vexatious Litigant Filed on December 29, 2015," entered by the Circuit Court of the First Circuit is affirmed.[11]

DATED:  Honolulu, Hawai'i, June 28, 2019.

On the briefs:

Ronald G.S. Au,
Defendant/Counterclaimant
-Appellant, pro se.

Chief Judge

Dennis W. Cheong Kee
Christopher T. Goodin
(Cades Schutte),
for Plaintiffs/Counterclaim
Defendants-Appellees.

Associate Judge

Associate Judge

---

[11]     In his reply brief, Au asks this court to take judicial notice of <u>Quinata v. Nishimura</u>, Civil No. 13-00339 JMS-KSC and provides argument regarding this proceeding.  However, "[t]he reply brief shall be confined to matters presented in the answering brief."  As there is no argument regarding this separate case in the answering brief, we disregard Au's argument.

11